[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO MODIFY ALIMONY (#126, 126.50) AND MOTION FOR CONTEMPT (#128)
The defendant filed a motion to modify alimony from $375 per week. He bases his motion on a change in his employer's business which has reduced his earnings. He produced letters from his employer to that effect. At the time of the dissolution of the 24-year marriage on January 26, 2000, the defendant agreed to pay $192 per week in child support and $300 per week in alimony until two years from the date of the dissolution. Thereafter, he agreed to pay $375 per week for ten years. At the time of the dissolution, he was earning weekly gross wages of $1919 and net wages of $1303. The wages reflected several hours of overtime pay. His financial affidavit of March 11, 2002 indicates weekly gross wages of $1240 and net wages of $939. (Court's Exhibit A) However, a second CT Page 6633 affidavit (Court's Exhibit B) reflects earnings which include overtime pay in February. The court finds that the defendant's gross earning capacity is at least $1370 per week. The court also finds that the defendant's obligation to pay child support terminated in June 2001.
Although his financial affidavit reflects payment of an auto loan in the amount of $100 per week, that payment is not being made. The defendant claims that he purchased a Mitsubishi Eclipse because the offer to sell was based on nine months of deferred payments. What he did not explain is what he did with the equity of $18,500 in the Mitsubishi Galant which he owned on January 26, 2000. It does not stand to reason that a person seeking to reduce his alimony payment on September 11, 2001 would purchase a car in October 2001 without utilizing the equity in the older car to reduce loan payments. The court further notes that he maintains a deduction of $16 per week for vacation. Additionally, his food expense of $150 per week is unreasonable as compared with $70 per week for the plaintiff.
Accordingly, the court denies the motion for modification. The defendant has failed to meet his burden of proving a substantial change of circumstances.
The plaintiff filed a motion for contempt regarding the defendant's failure to pay her $375 per week as alimony beginning January 26, 2002. The court finds that the defendant wilfully failed to pay $375 per week, unilaterally deciding that he could not pay more than $300 per week.
By March 11, 2002, the date of the hearing, he owed an arrearage of $525 for seven weeks. He is to pay that sum, together with any other sums he has not paid the wife pursuant to the judgment, at the rate of $25 per week until paid in full.
In addition, he is ordered to pay the reasonable attorney's fees and costs of the wife for the prosecution of the contempt motion. In the event there is a dispute regarding attorney' fees, both parties are to return to court for a determination of reasonable fees.
Both parties shall exchange income tax statements by April 20th of each year.
_________________________, J. SANDRA VILARDI LEHENY